[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN FROM HEARING IN DAMAGES LIST #104
On October 10, 2000, the plaintiff, Iris W. Lord, acting pro se, filed a two-count complaint against the defendant, T. Michael Alex, alleging that the defendant's failure to properly complete a property boundary survey constitutes negligence and breach of contract. On May 7, 2001, the court, through its clerk, granted the plaintiff's motion for default for failure to plead. On May 17, 2001, at a pretrial conference, the court, O'Brien, J., ordered that the matter be set down for a hearing in damages. Subsequently, on May 21, 2001, the defendant filed an answer and two special defenses, and on May 23, 2001, the defendant filed a "motion CT Page 9277 to open from hearing in damages list."
In his motion, the defendant argues that the matter should be stricken from the hearing in damages list on the ground that Practice Book §17-32(b) provides that a claim for a hearing in damages may not be made before the expiration of the fifteen-day period after entry of default for failure to plead. On June 8, 2001, the plaintiff filed an objection to the defendant's motion, arguing that because the defendant failed to attend the pretrial conference on May 17, 2001, Judge O'Brien entered a second default against the defendant for failure to appear and ordered a hearing in damages. The plaintiff submits the affidavit of Jon A. Thulin in support of her contention that Judge O'Brien entered a second default for failure to appear.
In reviewing the file, this court finds that there is no record of the court entering a second default for failure to appear on May 17, 2001. While the court has considered Thulin's affidavit in determining whether or not Judge O'Brien entered a second default, the court file and court computer records clearly show that no such default was entered. Rather, the record reflects that when the defendant failed to appear for the pretrial conference, Judge O'Brien referred back to the original default for failure to plead that was entered on May 7, 2001 and scheduled a hearing in damages for July 27, 2001. That being said, the dispositive issue is whether the filing of the answer and special defenses by the defendant on May 21, 2001 constitutes a sufficient ground upon which to set aside the original default for failure to plead.
Practice Book § 17-32(b) provides: "If a party who has been defaulted [for failure to plead] files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection." Because the defendant filed an answer and special defenses before the court rendered judgment upon the default, the court must vacate the default for failure to plead entered on May 7, 2001. Thus, the defendant's "motion to open from hearing in damages list" is hereby granted. In light of the foregoing, the pleadings remain open and the plaintiff is hereby required to file her reply to the defendant's special defenses within fifteen days of notice of this decision pursuant to Practice Book § 10-8.
 ______________________ CHASE T. ROGERS, JUDGE
CT Page 9278